[No. 9663. Department Two. December 20, 1911.]

C. H. BALDWIN, *Respondent*, v. E. F. MILLS, *Appellant*.[1]

ATTORNEY AND CLIENT—COMPENSATION—EXCESSIVE FEES. An attorney's charges of $50 each for appearing in numerous cases in justice court in trivial matters are excessive and exorbitant.

SAME. An attorney's charge of $375 for making up the issues in a simple ejectment suit is an unreasonable fee.

SAME. An attorney's charge of $75 for writing a few letters concerning the price of a jack is unreasonable.

SAME. An attorney's charges of $200 a year for general legal services, so mystical and indefinite that they cannot be itemized, no real legal questions being involved, are excessive.

[1]Reported in 119 Pac. 816.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered December 12, 1910, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Reversed.

*Fred E. Helwig* (*Fred E. Butler,* of counsel), for appellant.

*Ben F. Tweedy* and *Elmer E. Halsey,* for respondent.

Morris, J.—The appellant in this appeal seeks a review of a judgment against him for attorney fees in the sum of $1,377. No findings of fact were made by the trial court, except in so far as the court incorporated in the judgment a general finding "that the allegations in the complaint are true; that all the charges made against the defendants are reasonable," except one for $75, which is reduced to $25. To this judgment, general and special exceptions were taken, and the question now before us is the sufficiency of the evidence to sustain the judgment. Having read the evidence, we are of the opinion that the exception to its sufficiency is well taken, and that the fees allowed by the court are excessive.

Two of the cases in which a fee of $50 each was charged and allowed were cases in the justice court, one for wages and the other on an account, in both of which appellant was defendant. Another was for representing appellant in three criminal cases in the same court, in one of which appellant was charged with a nuisance for throwing a dead horse into a river, appellant subsequently taking the horse from the river and burying it upon learning of his violation of the law. Fifty dollars was charged for appearing in this defense. The other two were also before the justice, in which appellant appeared as complaining witness in charges of assault and battery, having his tenant arrested in one case and the wife and daughter of the tenant in another. One hundred and fifty dollars was charged and allowed for appearing on behalf of the state in these two instances. In the

nuisance case, appellant was convicted and appealed to the
superior court, where he was acquitted, and was charged
$150 in that court.

Respondent sat by the side of appellant while he was of-
fering final proof on some land he had taken up, for which
$50 was charged. He also appeared for appellant and
filed a demurrer in an action brought by another attorney
for the recovery of fees, for which he charged $75. This
charge the court below reduced to $25. He brought an
action in ejectment against a tenant, which had proceeded
as far as making up the issues, when he withdrew, charging
$375. Appellant had purchased a jack, and sought to ob-
tain a reduction in the price to be paid on account of some
alleged faults in the animal. Respondent was employed
and wrote some letters and obtained a reduction in the price;
how much we are unable to say. Respondent says he spent
some time in this matter, but cannot say how many letters he
wrote. Appellant says he wrote two. A charge of $75
was made for this service.

A general charge of $750 is made for advice during the
years 1907, 1908, 1909, and part of 1910. Respondent
is unable to give any definite testimony as to the character
of this advice, further than to say that appellant kept run-
ning into his office and taking up his time with a lot of im-
material matters that he cannot now recall. To use his own
language, these matters were "all myths and nothing to
them," and yet to strengthen his case he says he had to
spend a great deal of his time in the supreme court library
at Lewiston, Idaho, where he then resided, looking up the
law on these myths. He also testified to spending much
time and making extensive briefs in preparing for trial in
the other cases referred to. From the nature of the legal
questions involved in those matters, we fail to appreciate the
necessity for extensive briefing.

It may be that there are cases triable before a justice of
the peace where a fee of $50 would not be excessive, or rep-

resenting the complaining witness upon a charge of assault and battery in the same court might make a charge of $50 reasonable; but from what we can gather from the record as to the cases here involved, in that court the charges were excessive and exorbitant. Neither can we agree that to charge $375 to make up the issues in a simple ejectment suit is a reasonable fee. Nor to charge $75 for writing a few letters concerning the price of a jack. Nor $200 a year for general legal services, so mystical and indefinite that they cannot be itemized. Inasmuch as a new trial is to be ordered, we refrain from further comment upon the evidence, except to say that it does not sustain the judgment. Neither do we offer suggestion as to whether $420 which respondent admits receiving from appellant, is a sufficient recompense for his labors.

The judgment, being excessive and not sustained by the evidence, is reversed, and a new trial ordered.

DUNBAR, C. J., CHADWICK, ELLIS, and CROW, JJ., concur.